568

trial by jury. Relying on the legal maxim that the trial court as the trier of fact will only consider competent evidence in reaching its decision, the State asserts that no prejudice will occur. (*People v. Pagan*, 52 Ill. 2d 525, 538 (1972).) We do not take issue with the State's position but find it inapplicable to the situation in the present cause.

■■ One of the key issues in the pending civil proceedings is to determine if the defendant refused to take a breathalyzer test. To establish this, evidence relating to his refusal may be properly admitted. In the criminal proceedings, introduction of such refusal, as previously discussed, constitutes reversible error. A combined hearing would therefore create a dilemma. The State argues that to resolve the dilemma, the trial judge would mentally separate the evidence introduced, and consider only competent evidence in each case. We find this unpersuasive under the circumstances. The rule relied upon is one applied after the fact, not before the fact as here presented by the motion for severance. We see no need for reliance upon the rule where, before trial, its use may be avoided by granting defendant the severance requested, thereby carrying out the expressed legislative mandate and assuring defendant a fair trial.

For the reasons stated, the order denying the severance is reversed and the cause remanded for further proceedings in accordance with the views expressed.

Order reversed and cause remanded.

RECHENMACHER, P. J., and DIXON, J., concur.

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* DOUGLAS W. FARLEY *et al.*, Defendants-Appellants.

(No. 74-73;

Second District (1st Division)—April 23, 1975.

Opinion by Mr. JUSTICE HALLETT.

Ralph Ruebner, of State Appellate Defender's Office, of Elgin, for appellants.

Jack Hoogasian, State's Attorney, of Waukegan, and James W. Jerz and Edward N. Morris, both of Illinois State's Attorneys Association, of Elgin, for the People.

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* SEBON BROWN, JR., Defendant-Appellant.

(No. 73-240;

Second District (1st Division)—April 23, 1975.